**BOSTON & MAINE CORPORATION, et al., Plaintiffs,**

v.

**TOWN OF AYER, et al., Defendants.**

**No. CIV.A. 99–12606–JLT.**

United States District Court,
D. Massachusetts.

June 10, 2002.

Eric L. Hirschhorn, M. Carter De-Lorme, Winston & Strawn, Washington, DC, Mark Bobrowski, Concord, MA, Robert B. Culliford, Guilford Rail System, N. Billerica, MA, for Plaintiffs.

Jocelyn M. Sedney, Brody, Hardoon, Perkins & Kesten, Boston, MA, for Defendants.

## MEMORANDUM

TAURO, District Judge.

On March 20, 2002, this court allowed Plaintiffs Boston & Maine Corporation, Springfield Terminal Railway Company, and Guilford Transportation Industries'

(collectively "Guilford") Motion for Summary Judgment, adopting a Surface Transportation Board ("STB") decision which found that the actions of Defendants Town of Ayer, Ayer Board of Selectmen, Ayer Planning Board, and Ayer Board of Health (collectively "Ayer") were preempted by 49 U.S.C. 10501(b),[1] part of the Interstate Commerce Commission Termination Act of 1995 ("ICCTA").[2] Guilford's motion for attorneys' fees is currently before the court.

Guilford argues that because its claim is cognizable under 42 U.S.C. § 1983, it is entitled to attorneys' fees under 42 U.S.C. § 1988(b).[3] Guilford points out that even though § 1988(b) provides for discretionary award of fees and costs, the First Circuit has explained that "although [the] fee shifting provision is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory."[4] Guilford apparently has accrued attorneys' fees and costs upwards of $300,000. Ayer opposes Guilford's motion for fees, arguing that when this court decided that Ayer's actions were preempted by the ICCTA, that decision was based entirely on the Supremacy Clause, which is not a cognizable claim under 42 U.S.C. § 1983.[5]

While it is true that a claim based solely on the Supremacy Clause is not cognizable under § 1983,[6] in *Golden State Transit Corp. v. City of Los Angeles*[7], the Supreme Court noted that "the fact that a federal statute has preempted certain state action does not preclude the possibility that the same federal statute may create a federal right for which § 1983 provides a remedy."[8] The Court further explained that "a Supremacy Clause claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff."[9] In that case, the Court, noting that the coverage of § 1983 "must be broadly construed,"[10] considered whether the National Labor Relations Act ("NLRA") created a particu-

---

1. That section provides that the jurisdiction of the [STB] over ... (1) the transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State ... is exclusive. Except as otherwise provided in this part, the remedies provided under this part are exclusive and preempt the remedies provided under Federal or State law.

2. *See* Memorandum and Order, March 20, 2002.

3. 42. U.S.C. § 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title... the court, in its discretion, may allow the prevailing party...

a reasonable attorney's fee as part of the costs...."

4. *Gay Officers Action League, et. al. v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir.2001) (citation omitted).

5. *See* Defs.' Opp'n to Pls.' Mot. for Att'ys' Fees and Costs.

6. *See Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 613, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979) ("For even though [the Supremacy] clause is not a source of any federal rights, it does 'secure' federal rights by according them priority whenever they come in conflict with state law.")

7. 493 U.S. 103, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989).

8. *Id.* at 108, 110 S.Ct. 444.

9. *Id.* at 108 n. 4, 110 S.Ct. 444.

10. *Id.* at 105, 110 S.Ct. 444.

lar right in labor and management which was enforceable under § 1983, and concluded that it did.[11] According to *Golden State* therefore, if the ICCTA creates a right for which § 1983 provides a remedy, Guilford's claim is cognizable under § 1983.

■ The Supreme Court has developed a test for determining whether a federal statute creates rights enforceable through § 1983:

First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.[12]

If that test is satisfied, however, only a rebuttable presumption results. If Congress "specifically foreclosed a remedy under § 1983," either explicitly, or impliedly through a comprehensive enforcement scheme, then dismissal is proper.[13]

■ When applying this inquiry to the ICCTA, particularly § 10501(b), it is clear that there is a right not to be regulated.

As Guilford points out, the ICCTA was intended to benefit railroads because a major purpose of the ICCTA was to "free railroads from excessive regulation generally and from state and local regulation in particular." [14] The legislative history indicates that Congress intended to free railroads from regulation in order to continue to promote growth in the industry.[15] The right conferred on Guilford by the ICCTA is not so "vague and amorphous as to strain judicial competence," because, after all, the STB's decision was based on the fact that the ICCTA preempted Ayer's actions, implicitly recognizing that Guilford had a right not to be regulated.[16] By conferring exclusive jurisdiction over railroad matters to the STB, the ICCTA imposes a binding obligation on the states not to regulate railroads with respect to those matters. Finally, there is no comprehensive enforcement mechanism in the ICCTA which would foreclose a § 1983 action. There are enforcement provisions within that part of the ICCTA,[17] but they do not apply to the right not to be regulated. It follows, therefore, that § 10501(b) creates a right not to be regulated, enforceable through § 1983.

In *Petrey v. City of Toledo*,[18] the plaintiff challenged the defendant city's towing regulations, arguing that they were preempted by 49 U.S.C. § 14501(c),[19] a

---

**11.** *See id.* at 112–113, 110 S.Ct. 444.

**12.** *Blessing v. Freestone*, 520 U.S. 329, 340–1, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997) (internal quotations and citations omitted).

**13.** *Id.* at 341, 117 S.Ct. 1353.

**14.** Mem. in Supp. of Pls.' Mot. for Att'ys' Fees and Costs at 6.

**15.** *See* H.R. REP. NO. 104–311, at 1, 82–96 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 793–808.

**16.** *See Joint Petition for Declaratory Order–Boston & Maine Corporation and Town of* *Ayer,* STB Finance Docket No. 33971, 2001 STB LEXIS 435 (May 1, 2001).

**17.** *See* 49 U.S.C. §§ 11701—11707.

**18.** 246 F.3d 548 (6th Cir.2001).

**19.** 49 U.S.C. § 14501(c) provides that "a State, political subdivision of a State, or political authority of 2 or more States may not enact of enforce a law, regulation, or other provision having the force and effect or law related to a price, route, or service of any motor carrier ... with respect to the transportation of property."

part of the ICCTA which applies to motor carriers. In deciding whether the plaintiff had a claim under § 1983, the court, following the Supreme Court's analysis in *Golden State,* found that the plaintiff had a right under § 14501(c)(1).[20] The Sixth Circuit therefore held that an aspect of the defendant's regulation of the towing industry violated § 14501(c)(1), thus depriving the plaintiff of her federal right not to be regulated.[21] Noting that § 14501 "does not have a comprehensive enforcement mechanism that would preclude § 1983 relief," [22] the court held that § 1983 relief was available to the plaintiff for violation of her right not to be regulated, and remanded to the district court for a determination of damages.[23] Just as in *Petrey,* Guilford has a right not to be regulated, which Ayer violated, and Guilford's right is enforceable through 42 U.S.C. § 1983. Guilford is consequently entitled to attorneys' fees under 42 U.S.C. § 1988(b).

Defendants rely on *Soo Line R.R. Co. v. City of Minneapolis,*[24] to argue that there is no § 1983 claim. In that case, the court held that the defendant city's actions were preempted by § 10501(b) of the ICCTA but held that "a federal preemption claim premised upon a violation of the Supremacy Clause is not cognizable under 42 U.S.C. § 1983." [25] But that court did not inquire as to whether the underlying statute, the ICCTA, created a right in the plaintiff. Because *Golden State* makes it clear that a court can look to the underlying statute, Defendants' reliance on *Soo* is misplaced.

Accordingly, for the reasons stated above, Guilford's Motion for Attorneys' Fees and Costs is ALLOWED. Guilford shall submit to the court information supporting the specifics of its fee and costs claims by July 1, 2002. Ayer shall respond by July 15, 2002.

AN ORDER WILL ISSUE.

---

**20.** *See Petrey,* 246 F.3d at 565.

**21.** *See id.*

**22.** *Id.*

**23.** *Id.*

**24.** 38 F.Supp.2d 1096 (D.Minn.1998).

**25.** *Id.* at 1101.